## MITCHELL v. DOUGHERTY.

(Circuit Court, E. D. Pennsylvania. December 27, 1897.)

1. ARBITRATION—AGREEMENT TO SUBMIT.

Parties may bind themselves to submit to the judgment of an arbitrator as respects all questions arising out of their contractual obligations; and, if they do so, they may not afterwards avoid his jurisdiction by reason of an alleged mistake in judgment on his part.

2. SAME—WHAT INCLUDED.

Under an agreement in a building contract that the decision of the architects and engineers shall be final in all disputes "relative to or touching" the contract, an alleged wrongful dismissal of one of the parties from employment under the contract must be submitted to them for final decision.

Sur rule for judgment for defendant notwithstanding verdict.

This suit was brought by the plaintiff to recover from the defendant the value of certain work done by him in part performance of a contract entered into between the plaintiff and defendant for the roofing and tiling of a certain building, and also to recover the profits that the plaintiff claimed he would have made had the work been completed by him. The allegation of the plaintiff was that he was hindered and prevented from completing the contract in its entirety by the defendant, and was thereby authorized in abandoning the work undertaken by him. The defendant had previously entered into an agreement with Archbishop P. J. Ryan for the erection of the building, upon which the plaintiff subsequently covenanted to do the work of roofing and tiling. This contract between the defendant and Ryan, together with the specifications annexed thereto, were recited in the contract between the plaintiff and the defendant as being made part thereof. The specifications referred to provided that the tile which should be used upon the building should be what is known as "Ludowici" tile.

The evidence which was produced on the part of the plaintiff tended to show that after he had commenced the work undertaken by this contract, and while actually prosecuting the same, he was ordered by the defendant to stop the work, as the defendant contemplated using "Celadon" tile, instead of "Ludowici" tile. In consequence of this order, the plaintiff stopped his work, and at the request of the defendant, furnished him with an estimate of the cost of completing the work with the "Celadon" tile, which estimate was somewhat larger than the cost of completing the contract in accordance with the original provisions. The plaintiff was then instructed to make this change, with the assurance that the architects would consider the question of compensation thereafter, although the contract between the plaintiff and the defendant provided that no increased price could be obtained in consequence of any change in the specifications unless such price was agreed upon in advance, in writing. After repeatedly notifying the defendant of his desire to prosecute the work undertaken by him, the defendant not only neglected to permit him so to do, but actually employed other parties to complete the work.

The defense relied upon was, substantially, that the plaintiff's work was imperfect in many respects and had been condemned as such by the architects who ordered so much of it as had been completed to be removed, in consequence of which the change in the tiling was suggested. The defendant further contended that the plaintiff neglected to correct the imperfect work, or to proceed with his undertaking in other respects.

The other facts necessary to an understanding of the case are set forth in the opinion.

Richard C. Dale, for plaintiff.

J. W. Logue and Pierce Archer, for defendant.

BUTLER, District Judge (after stating the facts as above). On the trial the following point was presented by the defendant, and reserved:

"That the plaintiff is bound by the provisions of the contract entered into between Dougherty and the owner, waiving suits at law, in reference to any dispute arising out of the contract, and he is only entitled to recover upon an award made by the architects. There being no evidence that such an award has been made, or no reference by plaintiff to architects, the verdict must be for the defendant."

A verdict having been rendered for the plaintiff the point must now be disposed of.

It is well settled that in contracts such as the one involved, parties may bind themselves to submit to the judgment of an arbitrator as respects all questions arising out of their contractual relations. In the contract between Dougherty and Archbishop Ryan it is provided that:

"It is mutually agreed and distinctly understood that the decision of the engineers and architects shall be final and conclusive in any dispute which may arise between the parties to this agreement relative to or touching the same, and each and every of said parties do hereby waive any right of action, suit or suits, or other remedy in law or otherwise by virtue of said covenants so that the decision of said engineers and architects shall in the nature of an award be final and conclusive upon the rights and claims of the said parties;"

—And the contract in suit is expressly made subject to this provision. The only question therefore is whether the dispute involved in this suit is covered by the provision. The plaintiff contends that it is not, as the parties could not have contemplated it; that it arises out of the defendant's dismissal of the plaintiff from the work without cause, while the disputes contemplated were such only as might arise respecting the work and the manner of performing it; and furthermore as the dismissal which gave rise to the dispute occurred in consequence of the arbitrators' mistake, and they are therefore subject to bias against the plaintiff, it could not have been contemplated that such a dispute should be submitted to their determination. There is much force in this contention; and if it had not been passed upon by the courts I should deem it worthy of serious consideration. A careful examination of Navigation Co. v. Fenlon, 4 Watts & S. 205, Fox v. Hempfield, 14 Leg. Int. 148, Connor v. Simpson, 104 Pa. St. 440, Howard v. Railroad Co., 69 Pa. St. 489, and Reynolds v. Caldwell, 51 Pa. St. 298, will show that substantially the same contention was made in these cases and overruled. The plaintiff in several of them was wrongfully dismissed from the work, in plain violation of the contract, and yet the dispute which thus arose was held to be one for the arbitrator, under a submission similar to that here involved. In Navigation Co. v. Fenlon the terms do not expressly confine the disputes to be submitted to those which may arise out of the contract, but by plain implication they clearly do; and the submission is so construed in all subsequent cases in which it is mentioned, except Lauman v. Young, 31 Pa. St. 306, where the court was seeking to distinguish the case before it by so narrow a construction of the submission there involved, as to exclude the question from the arbitrator's jurisdiction. That case, in my judgment, is not in harmony with Navigation Co. v. Fenlon nor with the subsequent cases, above cited. It was decided however upon the court's construction of the peculiar terms of the submission, which differ from those here

involved. In Fox v. Hempfield and the other later cases above cited, the submission was identical, substantially, with that before us. There can be no doubt that the arbitrator may so disqualify himself by acts subsequent to his selection, as to relieve parties from the submission; and if the conduct of the architects which gave rise to the dispute involved in this suit, had been the result of malice or intentional wrong, instead of mistake, a different case would be presented. Under such circumstances he might be pecuniarily responsible to his employer for the damages, and in consequence be disqualified. It is not suggested that the engineers were guilty of such misconduct. Their refusal to determine the cost of alterations in advance was doubtless the result of their construction of the rights of the parties under the contract, and although wrong, (as pointed out in the court's charge to the jury) no more can be justly said than that their judgment was in fault; and as the plaintiff bound himself to submit to such judgment he cannot appeal to this mistake to oust their jurisdiction. This is distinctly ruled in one or more of the cases above cited.

The rule for judgment must therefore be made absolute and judgment be entered for the defendant accordingly.

As the court of appeals may possibly reach a different conclusion the rule for new trial should be disposed of. It is sufficient to say that it cannot be sustained. The questions of fact were fairly submitted to the jury. To disturb the verdict because the court may think it might justifiably have been rendered for $800 or $1,000 less would not be warranted. The testimony was conflicting and the jury was as capable of passing upon it as the court.